```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES WHEELER,

                                        Plaintiff,

        v.                                                        1:06-CV-665

SANDY PARKER, BRUCE POTTER, and
BERKSHIRE UNION FREE SCHOOL DISTRICT,

                                        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
APPEARANCES:                                    OF COUNSEL:

COOPER ERVING & SAVAGE L.L.P.                   PHILLIP G. STECK, ESQ.
Attorneys for Plaintiff                         BRIAN W. MATULA, ESQ.
39 North Pearl Street, Fourth Floor
Albany, New York 12207

CARTER, CONBOY, CASE, BLACKMORE,                MICHAEL J. MURPHY, ESQ.
  MALONEY & LAIRD, P.C.                         WILLIAM T. LITTLE, ESQ.
Attorneys for Defendants
20 Corporate Woods Boulevard
Albany, New York 12211

DAVID N. HURD
United States District Judge
```

## MEMORANDUM-DECISION and ORDER

## I. INTRODUCTION

Plaintiff James Wheeler ("plaintiff") brings this action against defendants Sandy Parker ("Parker"), Bruce Potter ("Potter"), and Berkshire Union Free School District ("District") (collectively "defendants") for denial of due process of law under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.[1]

---

[1] Plaintiff has withdrawn his two First Amendment retaliation claims (Counts II and III), leaving only his due process claim (Count I).

Plaintiff moves for summary judgment under Federal Rule of Civil Procedure 56. Defendants oppose. Defendants cross-move for summary judgment under Rule 56. Plaintiff opposes. Oral argument was heard on September 28, 2007, in Albany, New York. Decision was reserved.

## II. FACTS

In 1989, the District hired plaintiff as a Teacher's Aide. Several years later, the District appointed him to the position of Intervention Worker. The essential duties of an Intervention Worker are monitoring halls and maintaining security and are not of a pedagogical nature.

In 2000, the District notified plaintiff that it proposed to terminate his employment for misconduct and that a hearing officer had been appointed to, among other things, determine whether the District had adequate grounds to do so. Before the hearing officer rendered a decision, the District withdrew the charges of misconduct and proposal of termination.

On May 16, 2005, defendant Parker, the principal of the school at which plaintiff worked, evaluated plaintiff's employment record and found several aspects of his performance unsatisfactory. The next day, defendant Potter, the District's superintendent, suspended plaintiff without pay and recommended to the District's Board of Education that his employment be terminated. On May 18, 2005, the Board of Education accepted Potter's recommendation, terminating plaintiff's employment with the District. The District did not provide plaintiff with a pre-termination hearing.

### III. **STANDARD OF REVIEW**

Summary judgment is granted only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552 (1986); Silver v. City Univ. of New York, 947 F.2d 1021, 1022 (2d Cir. 1991). The court will not try issues of fact on a motion for summary judgment, rather it will determine "whether the evidence presents a sufficient disagreement to require submission to a [fact-finder] or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512 (1986). "The party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists and that the undisputed facts establish her right to judgment as a matter of law." Rodriguez v. City of New York, 72 F.3d 1051, 1060-61 (2d Cir. 1995). A material fact is one that would "affect the outcome of the suit under the governing law," and a dispute about a genuine issue of material fact occurs if the evidence is such that "a reasonable [factfinder] could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248, 106 S. Ct. at 2510; R.B. Ventures, Ltd. v. Shane, 112 F.3d 54, 57 (2d Cir. 1997). In determining whether a genuine issue of material fact exists, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986); Gibbs-Alfano v. Burton, 281 F.3d 12, 18 (2d Cir. 2002).

### IV. **DISCUSSION**

The Fourteenth Amendment provides, in pertinent part, that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1. Therefore, for a due process claim to lie, the plaintiff must establish,

among other things, that the defendant deprived him of "life, liberty, or property." The only issue raised by the parties at this juncture, is whether plaintiff has established such a deprivation; or, more particularly, whether plaintiff's employment at the District, of which he most certainly was deprived, was "property" as contemplated by the Fourteenth Amendment.

"Property interests, of course, are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law-rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." Bd. of Regents of State Colls. v. Roth, 408 U.S. 564, 577, 92 S. Ct. 2701, 2709 (1972); see Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 538, 105 S. Ct. 1487, 1491 (1985); O'Connor v. Pierson, 426 F.3d 187, 196 (2d Cir. 2005). Plaintiff points to the New York Civil Service Law ("Civil Service Law") as the independent state-law source that supports his claim of entitlement to District employment. Indeed, the Second Circuit "looks to New York Civil Service Law and the statutes which create a particular position or the authority to appoint or remove an individual to or from the position to determine whether a New York public employee has a property interest in his position requiring that he be afforded a hearing before termination." Todaro v. Norat, 112 F.3d 598, 600 (2d Cir. 1997).

Civil Service Law § 35 provides that "[t]he civil service of the state and each of its civil divisions shall be divided into the classified and unclassified service." N.Y. Civ. Serv. Law § 35 (McKinney 2007). Since nothing resembling plaintiff's position is listed as falling within the unclassified service under Civil Service Law § 35 and the classified service is defined as "all offices and positions not included in the unclassified service," id. § 40, plaintiff must have held a position in the classified service.

Civil Service Law § 40 provides that the classified service shall be further divided into four separate classes: exempt, non-competitive, labor, and competitive. Id. § 40. "Each municipal civil service commission shall prescribe, amend and enforce suitable rules . . . for the jurisdictional classification of the offices and employments in the classified service under its jurisdiction [and] for the position classification of such offices and employments . . . ." Id. § 20(1).

The right to a pre-termination hearing is limited to (a) persons holding a position in the competitive class, (b) military veterans holding a position in the classified service, (c) persons holding a position in the non-competitive class for five continuous years, (d) persons holding a position as a homemaker or home aide in the non-competitive class in New York City for three continuous years, and (e) persons holding a position as a police detective for three continuous years. See id. § 75(1).

Plaintiff contends that he held a position in the non-competitive class of the classified service for five continuous years and, thus, was entitled to a pre-termination hearing. However, "no position shall be deemed to be in the non-competitive class unless it is specifically named in such class in the rules." Id. § 42(1). Therefore, it is necessary to look to the Columbia County Civil Service Commission's rules pertaining to jurisdictional and position classification of District employees. See id. § 20(1).

Defendants' sole argument in support of its motion for summary judgment – that plaintiff was not in the non-competitive class of the classified service, as he claims to have been, and thus not entitled to a pre-termination hearing – is not based on the Civil Service Law or the Columbia County Civil Service Commission's rules pertaining to jurisdictional and position classification. Instead defendants rely on the affidavit of Stanley J. Card, Chairman

of the Columbia County Civil Service Commission, who states that he could not locate "any files that would indicate the Mr. Wheeler was an employee under the jurisdiction of the Columbia County Civil Service System," (Defs.' Notice of Cross-Mot. Ex. G (Card Aff.) ¶ 5), and the deposition testimony of defendants Potter and Parker, who state their belief that no District employee is entitled to a pre-termination hearing.  Thus, the Columbia County Civil Service Commission must have failed to prescribe rules pertaining to jurisdictional and position classification of District employees as it is required to do under Civil Service Law § 20(1).

Since "[s]uch classifications are needed to determine whether . . . [one] is entitled to the protections of Civil Service Law § 75," plaintiff "cannot be denied these protections until a classification is made." Ficken v. Vocational Educ. & Extension Bd., 201 A.D.2d 481, 482 (N.Y. App. Div. 2d Dep't 1994).[2]  Therefore, plaintiff, like the petitioner in Ficken, is entitled to be reinstated to his position with back pay from the date of his termination to the date of his reinstatement. See id.  Indeed, the District's conduct in denying plaintiff a pre-termination hearing in the absence of jurisdictional and position classifications constitutes a violation of his right to due process under the Fourteenth Amendment.  Plaintiff is entitled to summary judgment.

Until the Columbia County Civil Service Commission prescribes rules pertaining to the jurisdictional and position classification of District employees, as it is required to do under Civil Service Law § 20(1), the District shall not terminate plaintiff's employment without a pre-

---

[2] Defendants do not discuss the Ficken case in their memorandum of law.

termination hearing. Once such rules are in place, the District may terminate plaintiff's employment in accordance with the Civil Service Law and those rules.

## V. CONCLUSION

Therefore, it is

ORDERED that

1. Plaintiff's motion for summary judgment on his due process claim (Count I) is GRANTED;

2. Defendants' cross-motion for summary judgment is DENIED;

3. Within thirty (30) days from the date of this Order, the District shall REINSTATE plaintiff's employment and provide him with BACK PAY from the date his employment was terminated until the date of his reinstatement;

4. The District is ENJOINED from terminating plaintiff's employment without a pre-termination hearing, unless it does so in accordance with the New York Civil Service Law and jurisdictional and position classification rules prescribed by the Columbia County Civil Service Commission; and

5. Plaintiff's First Amendment retaliation claims (Counts II and III) are DISMISSED.

IT IS SO ORDERED.

The Clerk is directed to enter judgment accordingly.

Jurisdiction is retained for purposes of enforcing this Order and/or the Judgment, and considering an application for attorney's fees and costs under 42 U.S.C. § 1988.

Dated: May 7, 2008
       Utica, New York.

_____
United States District Judge